Bernard S. Meyer, J.
Plaintiffs seek an order directing that defendant Daniels furnish plaintiffs copies of statements taken *648 from plaintiffs and suppressing the statements. The moving affidavit states that during the course of trial .preparation, plaintiffs ’ attorney first learned that defendant Daniels ’ insurer had requested, in connection with medical payments made to plaintiffs under Daniels ’ insurance policy, that plaintiff execute statements 1 ‘ concerning the details of the occurrence of the accident ”. Defendant’s answering affidavit does not deny that allegation; rather it argues (1) that the motion is untimely since the matter is on the Ready Day Calendar for May 27, 1968, and (2) that the statements were not taken by or on behalf of defendant but by the insurer in connection with its medical payments obligation.
The short answer to the second argument is that the insurer, at least to the extent of its coverage, is the real party in interest (Thrasher v. United States Liab. Ins. Co., 19 N Y 2d 159, 167) that the medical payments made by the insurer may be claimed by the defendant it represents as an offset against damages (Moore v. Leggette, 24 A D 2d 891, affd. 18 N Y 2d 864) that the insurer needs know no more, in order to ascertain whether its contract obligation requires it to pay medical expenses, than is necessary to ascertain coverage, and that to permit an attorney employed by an insurance carrier to hide behind the fact that he also represents the insured and to disown the taking of a statement from plaintiffs after the action was commenced and the insurer was charged with notice that plaintiffs were represented by counsel would be to condone a clear violation of canon 9 of the Canons of Professional Ethics. The court does not mean to imply that the attorneys who appear in this action for defendant Daniels were aware that the statement was obtained from plaintiffs or have been guilty of any unethical conduct. It does mean most forcefully to bring to the attention of insurers generally and the defendants’ bar that the carrier will not be permitted to use its medical payments obligation as a means of clandestine discovery, and that, therefore, when a matter is in suit the carrier’s representative has an obligation to deal with an adverse litigant only through his attorney even though the subject be medical payments and nothing more. As for the first argument the fact that the insurer took a statement from plaintiffs without notice to their attorneys is a sufficient special circumstance to warrant granting relief even at this late date.
Accordingly, the motion is in all respects granted, and defendant Daniels is directed to furnish to plaintiffs not later than May 15, 1968 copies of all statements taken from plaintiffs (CPLR 3101, subd. [e]) and such statements are, pursuant to *649 CPLR 3103 (subd. [c]), suppressed, except to the extent that the Trial Justice finds upon perusal of the statements that they contain data to which defendant was properly entitled in order to ascertain coverage and further finds that such data should, in the interest of justice, be available to the trier of fact.